UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL CHAVEZ, on behalf of himself
and all similarly situated individuals,

      Plaintiff,

v.                            Case No:   2:18-cv-375-FtM-99MRM

BA PIZZA, INC., BA PIZZA II, INC., BA
PIZZA III, INC., and TOM VENITIS,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the Motion for Approval of FLSA Settlement and a General Release and Non-Disparagement Agreement filed on June 8, 2018.  (Doc. 13).  Defendants BA Pizza, Inc., BA Pizza II, Inc., BA Pizza III, Inc., and Tom Venitis request that the Court approve the parties' alleged settlement and dismiss this case with prejudice.  For the reasons set forth herein, the Court cannot recommend that the Motion for Approval of FLSA Settlement (Doc. 13) be granted and the General Release and Non-Disparagement Agreement be approved as they currently stand.

The FLSA was enacted to protect workers from substandard wages and oppressive work hours.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).  In making the FLSA mandatory, Congress recognized that there are great inequities in bargaining power between employers and employees.  *Id.*  One safeguard for employees is that they "are likely to be represented by an attorney who can protect their rights under the statute."  *Id.* 1354.  Thus, for a Court to approve the settlement of the FLSA claim, it must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

pursuant to the Fair Labor Standards Act ("FLSA").  *Id.* at 1355; 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Lynn's Food Store, Inc.*, 679 at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id*.  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

Accordingly, the Court's task is to determine whether an FLSA settlement is a fair and reasonable resolution of the dispute.  Here, the Motion and attached General Release and Non-Disparagement Agreement are fraught with a number of problematic issues preventing the Court from recommending approval of the settlement.

As a threshold matter, after review of the Motion for Approval of FLSA Settlement and attachment, the Court cannot determine whether both parties and their counsel agreed to the filing of the Motion and the terms and conditions of the settlement.  The record strongly suggests that they did not.  Defendants state that Plaintiff and Defendants "desire to settle this lawsuit immediately."  (Doc. 13 at 2-3 ¶ 6).  Defendants filed a *unilateral* Motion for Approval of FLSA Settlement (Doc. 13), without any indication of actual consent from Plaintiff's counsel or Plaintiff as neither signed the Motion.  Thus, the Court cannot determine if Plaintiff Rafael Chavez or his counsel agreed to the filing of the Motion for Approval of FLSA Settlement.  Moreover, the attached General Release and Non-Disparagement Agreement is signed only by Plaintiff and, thus, does not purport to bind Defendants to its terms and conditions.  Accordingly, the Court finds that from these filings, the Court has no assurance that both parties and counsel

agree to the representations in the Motion for Approval of FLSA Settlement or the terms of a settlement in this case.

The Court turns next to the actual language of the Motion and attachment.  In paragraph 4 of the Motion, Defendants' counsel states that Plaintiff's counsel repeatedly rescheduled or refused to return calls to discuss the case.  (Doc. 13 at 2 ¶ 4).  In paragraph 5, Defendants' counsel states that the parties – not counsel – "engaged in extensive communications with one another to resolve the dispute."  (*Id.* at 2 ¶ 5).  After the parties' reached an agreement, Defendants' counsel prepared a settlement agreement and forwarded it to Plaintiff's counsel. (*Id.*).  Plaintiff's counsel responded that "'[p]ursuant to L.R. 2.03(b), we are giving the required 10 days' notice of withdrawing as counsel for Plaintiff in the above-referenced matter.'"  (*Id.*).[1] Basically, these representations leave the Court with a possible settlement between the parties that was neither reviewed by nor approved by Plaintiff's counsel.  Stated another way, Plaintiff proceeds in the case without the benefit of counsel and without the safeguard that an attorney reviewed the terms and conditions of any agreement, ensuring that the agreement comports with the FLSA and case law, and is in Plaintiff's best interests.  This is true even though as of the date of this Report and Recommendation, Plaintiff continues to be represented by counsel.[2]

The Court next addresses the actual terms of the settlement that are problematic.  The terms of the proposed settlement do not contain sufficient specificity for the Court to approve it. The parties agreed to settle for a lump sum of $7,000.00.  (Doc. 13 at 4).  The parties do not

---

[1]  As of the date of this Report and Recommendation, Plaintiff's counsel has not moved to withdraw.

[2]  Defendants' counsel also represents that Plaintiff's claims "have been resolved in full with no compromise," but Plaintiff's counsel had not responded to a request to agree to countersign a Joint Notice so stating.  (*Id.* at 2-3 ¶ 6).  Thus, Defendants filed the instant Motion.

delineate which portions of this lump sum payment are attributable to overtime wages, liquidated damages, and Plaintiff's attorney's fees.  In fact, Defendants indicate that the "number of hours and lost wages originally claimed by the Plaintiff [were] not specified."  (*Id.* at 2 ¶3).  Defendants' counsel also states that "Plaintiff's attorney's fees were not negotiated separately, but rather were included in the settlement reached by and between the parties."  (*Id.* at 3 ¶7).  Absent a break-down of the lump sum settlement – as to the amount attributable to lost wages (including a statement as to the number of hours and amount of lost wages claimed by Plaintiff), liquidated damages, and Plaintiff's attorney fees – the Court cannot determine if this settlement is a fair and reasonable resolution of the dispute.

Finally, the terms of the General Release and Non-Disparagement Agreement are also problematic.  Plaintiff agrees to release Defendants "from all manner of action(s), cause(s) of action, suits, debts, sums of money," and the like that Plaintiff has or will ever have.  (*Id.* at 4).  The *Lynn's Food Store* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims.  *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015).  The valuation of unknown claims is a "fundamental impediment" to a fairness determination.  *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010).  Thus, arguably, the settlement does not provide additional compensation for Plaintiff to enter into a General Release of claims, other than those related to Plaintiff's FLSA claim here.

Turning to the Non-Disparagement Agreement, the parties agree not to disparage each other.  (Doc. 13 at 4).  "Courts within this circuit routinely reject . . . non-disparagement clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA."  *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-

cv-710-Orl-22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-ORL-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014)).  Notwithstanding this line of cases, however, other courts have approved non-cash concessions such as non-disparagement clauses in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties.  *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).  As with the General Release, the settlement arguably does not provide additional compensation for Plaintiff to enter into a Non-Disparagement Agreement, and Defendants did not provide any legal authority to support an approval of the Non-Disparagement Agreement as it stands.

Finally, the General Release and Non-Disparagement Agreement contains terms that the agreement is to remain confidential.  (Doc. 13 at 4).  An employer's insistence upon a confidentiality provision as part of an FLSA settlement contravenes the policies underlying the FLSA.  *Gillard v. Fleetmatics USA, LLC*, No. 8:16-CV-81-T-27MAP, 2016 WL 6997167, at *1 (M.D. Fla. Sept. 20, 2016).  Further, a confidentiality provision in an FLSA settlement agreement undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights.  *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).  A district court "should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."  *Id.* at 1243.

The Court finds the confidentiality provision contravenes the FLSA and the Department of Labor's regulatory efforts.

For the foregoing reasons, the Undersigned cannot make the requisite determination under *Lynn's Food Store* as to the fairness and reasonableness of the proposed General Release and Non Disparagement Agreement.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Motion for Approval of FLSA Settlement (Doc. 13) be **DENIED without prejudice**, and

2) The parties be ordered to elect one of the following options no later than July 13, 2018:

    a. file an Amended Motion for Approval of FLSA Settlement that adequately addresses the issues identified herein; or

    b. File a Case Management Report.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 12, 2018.


MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir.

R. 3-1.


Copies furnished to:
Counsel of Record
Unrepresented Parties